**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-CR-111-CMS/RHH-1 |
| | ) | |
| ANTHONY FLEMING, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Before the Court is Defendant Anthony Fleming's Motion to Revoke the Magistrate Judge's Order of Detention (Doc. 38). Defendant seeks review of United States Magistrate Judge Rodney H. Holmes's Order of Detention, (Doc. 33), pursuant to 18 U.S.C. § 3145(b). For the reasons set forth below, the Court denies Defendant's motion.

**LEGAL STANDARDS**

A defendant who has been "ordered detained by a magistrate judge . . . may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The Court reviews the magistrate judge's Order of Detention *de novo*. *See United States v. Sazenski*, 806 F.2d 846, 847 (8th Cir. 1986) (per curiam). If the district court "review[s] the same record and factual findings" and "agrees fully with the magistrate[] [judge's] order and reasons, it may adopt the order." *United States v. Cook*, 87 F.4th 920, 924–25 (8th Cir. 2023). Adopting the magistrate judge's order "obviate[s] the need for the district court to prepare its own written findings of fact and statement of reasons." *Id.* (citation omitted).

"A defendant may be detained before trial 'only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety

of the community and by a preponderance of the evidence that no condition or set of conditions will *reasonably assure* the defendant's appearance.'" *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir.2003); 18 U.S.C. § 3142(c), (e)–(f)). In determining whether such conditions exist, the judicial officer shall consider, among other things: "the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the history and characteristics of the defendant, and the nature and seriousness of the danger to . . . the community posed by the defendant's release." *United States v. Montgomery*, No. 4:25-CR-448 CMS/JMB, 2025 WL 3202669, at *1 (E.D. Mo. Nov. 17, 2025) (citing 18 U.S.C. § 3142(g)).

When "the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" there is a rebuttable presumption that "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). If a defendant rebuts this presumption by satisfying his burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Abad*, 350 F.3d at 797 (citation omitted).

## BACKGROUND AND DISCUSSION

On March 11, 2026, a grand jury returned an indictment against Defendant for: 1) conspiracy to distribute and possess with intent to distribute controlled substances, 2) possession with intent to distribute fentanyl, 3) distribution of actual methamphetamine, and 4) distribution of a mixture or substance containing a detectable amount of methamphetamine. (Doc. 1). Because these charges carry a maximum sentence of at least ten years, *see* 21 U.S.C. § 841(b), they trigger

2

a rebuttable presumption of detention under 18 U.S.C. § 3142(e). On the day the grand jury indictment was returned, the Government moved for a pretrial detention hearing as to Defendant, (Doc. 4), which was held on April 22, 2026, (Doc. 20). The following week, Magistrate Judge Holmes ordered Defendant detained pending trial. (Doc. 33).

Magistrate Judge Holmes concluded that Defendant had not rebutted the presumption of detention. *Id.* at 2. He also found that the Government had proved "[b]y a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required," *id.*, and "by clear and convincing evidence that no conditions or combination of conditions will assure the safety of the community", *id.* at 3. In making these determinations and ordering Defendant detained pending trial, Magistrate Judge Holmes considered the arguments of respective counsel,[1] the Pretrial Services Report, and the factors set forth in 18 U.S.C. § 3142(g). He also considered that Defendant is "[s]ubject to [a] lengthy period of incarceration if convicted," has a history of criminal activity and "violence or use of weapons," has previously "fail[ed] to appear in court as ordered," and has violated his terms of probation, parole, or supervised released, including by participating in criminal activity, *id.* at 2–3.

Several weeks later, Defendant filed the instant motion, (Doc. 38), arguing that Magistrate Judge Holmes "erred in concluding that [Defendant] failed to rebut the presumption of detention" and "incorrectly concluded that the [G]overnment met its [] burden of showing that no condition or combination of conditions would reasonably assure [Defendant's] appearance in court . . . and the safety of the community," *see id.* at 3–4. In response, the Government contends that Defendant

---

[1] Those arguments include the Government's assertions that "[t]he evidence [against Defendant] is strong and includes several controlled purchases of methamphetamine and fentanyl" and "Defendant has a significant criminal history that includes state and federal convictions," as well as Defendant's contention that he is "amenable to supervision" given his successful completion of supervised release after a prior federal conviction. (Doc. 33 at 3).

"had not rebutted the presumption [of detention]" and "[e]ven if he had, the § 3142(g) factors show that there no conditions or combination of conditions that would reasonably assure Defendant's appearance and the safety of the community." *See* (Doc. 30 at 5–6).

The Court has carefully considered the evidentiary record, including the new evidence proffered in Defendant's motion, *see* (Doc. 38 at 11–38), and the arguments of counsel. After conducting a *de novo* review of the entire record, the Court finds that Defendant has not met his burden of production to rebut the presumption of detention.[2] Further, the Court finds that the Government has proven: 1) by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community; and 2) by a preponderance of the evidence that no condition or set of conditions will reasonably assure the Defendant's appearance. Finally, the Court finds that Magistrate Judge Holmes properly considered and weighed all factors, both for and against Defendant's detention, including: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the Defendant; 3) the history and characteristics of the Defendant; and 4) the nature and seriousness of the danger to the community posed by the Defendant's release. As such, this Court adopts Magistrate Judge Holmes' Order.

---

[2] While Defendant has offered "additional evidence similar to that proffered in the *Abad* case," (Doc. 38 at 4), the new evidence does not satisfy his burden of production to rebut the presumption of detention. Though similar evidence was sufficient for the *Abad* Court to determine that "the district court did not clearly err in finding [the defendant] met his burden of production to rebut the detention presumption," 350 F.3d at 797, the specific evidence necessary to satisfy the burden of production obviously varies depending on the facts and circumstances set out in the record. That similar evidence rebutted the presumption of detention in *Abad* is not dispositive here when, for example, Defendant has a history of criminal activity, while the *Abad* defendant "ha[d] no prior criminal history," *id.* at 796. But even if Defendant had met his burden of production to rebut the presumption of detention, the record and relevant factors outlined in 18 U.S.C. § 3142(g) would still counsel in favor of detention. *See* (Doc. 33 at 3) (reviewing 3142(g) factors).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant Anthony Fleming's Motion to Revoke the Magistrate Judge's Order of Detention (Doc. No. 38) is **DENIED**. The Magistrate Judge's Order of Detention Pending Trial (Doc. No. 33) is **REAFFIRMED** and **ADOPTED**.

So ordered this 26th day of June 2026.

**CRISTIAN M. STEVENS**
**UNITED STATES DISTRICT JUDGE**